UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KENNETH LYNCH**                                                                 **PLAINTIFF**
**ADC #133499**

**V.**                              **No. 4:20CV00389-LPR-JTR**

**PARKER, Sergeant, Saline County Jail;**
**GRIFFIN, Sergeant, Saline County Jail;**
**CARPENTER, Lieutenant, Saline**
**County Sheriff's Office; and RODNEY**
**WRIGHT, Sheriff, Saline County**                              **DEFENDANTS**

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

Plaintiff Kenneth Lynch ("Lynch") filed a *pro se* § 1983 Complaint alleging that, while a prisoner in the Saline County Jail,[1] Defendants Sergeant Parker, Sergeant Griffin, Lieutenant Carpenter, and Sheriff Wright violated his constitutional rights. *Doc. 2*. Before Lynch may proceed with this case, the Court must screen his claims.[2]

## II. Discussion

Lynch's only claim is that "the Saline County Jailers refused to refund" all of his money, which he identifies as the "missing $20 dollars." *Doc. 2 at 4*. To compensate him for his missing funds and "the violations of [his] rights as a human," Lynch seeks $5,000 in damages." *Id. at 5*.

A prisoner cannot bring a § 1983 claim for the intentional or negligent loss of personal property, as long as the State provides a "post-deprivation remedy" to address the property loss. *See Hudson v. Palmer*, 468 U.S. 517, 533-36 (1984);

---

[1] When he filed this action, Lynch was incarcerated at the Tucker Unit of the Arkansas Division of Correction. It is unclear why Lynch was at the Saline County Jail, but he acknowledges that he was a convicted prisoner at the time he initiated this action. *Doc. 2 at 3*.

[2] The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

*Parratt v. Taylor*, 451 U.S. 527, 541 (1981). Arkansas provides such a post-deprivation remedy, which allows Lynch to file a state court conversion action against Defendants for losing or taking his $20. *See Bausley v. Dugan*, 110 F. App'x 736, *1 (8th Cir. 2004) (holding that a prisoner could not bring a § 1983 claim against county jail employees for seizure of personal property because a state conversion action was available); *Carniglia v. Dearmon*, 16 F. App'x 548, 549 (8th Cir. 2001) (same); *Butler v. Smith,* 208 F.3d 217, *1 (8th Cir. 2000) (holding that prisoner, who alleged he was wrongly charged for meals, while housed at the county jail, could not seek § 1983 relief because he could bring a conversion action in state court).

Because Lynch has an adequate post-deprivation remedy available to him in Saline County Circuit Court, his Complaint, as a matter of law, fails to state a viable § 1983 claim against Defendants.

IT IS THEREFORE RECOMMENDED THAT:

1. All claims asserted in Lynch's Complaint be dismissed, without prejudice, for failure to state a plausible claim that his constitutional rights were violated.

2. The dismissal count as a "strike" pursuant to 28 U.S.C. § 1915(g).

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

IT IS SO ORDERED this 17th day of March, 2021.

*J. Thomas Ray*
_____
UNITED STATES MAGISTRATE JUDGE