IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KENNETH LYNCH**  **PLAINTIFF**
ADC #133499

v.  Case No. 4:20-cv-00389-LPR-JTR

**PARKER, Sergeant,**
**Saline County Jail,** *et al.*  **DEFENDANTS**

## ORDER

The Court has received a Recommendation for dismissal from Magistrate Judge J. Thomas Ray. (Doc. 5). Plaintiff Kenneth Lynch filed Objections to the Recommendation. (Doc. 6). After carefully considering the Recommendation and Objections, as well as conducting a *de novo* review of the record in this case, the Court concludes that the Recommendation should be, and hereby is, approved and adopted as this Court's findings in its entirety.[1]

Mr. Lynch objected to the recommended dismissal on several grounds. First, he argued that the Recommendation wrongly suggested that it was unclear why Mr. Lynch was at the Saline County Jail. Second, he argued that the Recommendation failed to account for and analyze several types of misconduct, much of which Mr. Lynch referenced in written statements attached to his Complaint as Exhibits. Specifically, Mr. Lynch says that: (a) he was denied medical attention for a wound on the bottom of his foot; (b) he was denied access to a kiosk on more than one occasion;

---

[1] The Recommendation construed Mr. Lynch's § 1983 claim as alleging a due process violation. I believe the Recommendation was right to do so, and I believe the Recommendation properly analyzed the claim under that framework. The other at least theoretically possible frame of the Complaint would be a Fifth Amendment takings claim. But there are serious problems with that frame. Indeed, it is not at all clear that a claim like the one at issue here could ever be a viable takings claim. *See, e.g.*, *Hawkins v. Coleman Hall, C.C.F.*, 453 F. App'x 208, 210 (3d Cir. 2011) (unreported). I need not decide that abstract question, because of other deficiencies in the allegations. With respect to claims against the officers in their personal capacity, Mr. Lynch did not state in his Complaint who allegedly overcharged him for a hot meal. And with respect to official capacity claims, Mr. Lynch did not state that the taking was the result of an official policy, practice, or custom.

(c) he was denied an hour out of his cell; (d) racial slurs were used against him; (e) he was denied a shower; and (f) the jail violated its grievance process. (Doc. 6 at 1-2).

Mr. Lynch's first objection is factually immaterial. And the remaining objections do not relate to the sole claim that he asserted in his Complaint—that Defendants took (and will not return) his $20. (Doc. 2 at 4) (Statement of Claim). The brief and stray references to other alleged misconduct in the Exhibits (Doc. 2, Exs. A-C) does not excuse the fact that such allegations were not advanced in the Complaint and were not included in Mr. Lynch's statement of the claim. Mr. Lynch may not add new claims and causes of action to his Complaint through an objection to the Magistrate's Recommendation. But let's assume *arguendo* that new claims and causes of action could be added by way of an objection. Or, alternatively, let's assume that a liberal reading of the Complaint required the Court to treat the brief and stray Exhibit references as § 1983 claims in their own right. Even then, dismissal is the right decision. The statements made by Mr. Lynch in the Exhibits and in his Objections do not come close to alleging one or more viable causes of action.

- Mr. Lynch did not identify a policy, custom, or practice that caused any of the alleged violations of his rights referenced in the Exhibits. So official capacity claims are off the table.

- Mr. Lynch's need for "some band aids" does not rise to the level of a "serious medical need." *See, e.g., East v. Minnehaha Cty.*, 986 F.3d 816, 820 (8th Cir. 2021) ("In a deprivation of medical care case, the inmate must show (1) an objectively serious medical need; and (2) the defendants actually knew of the medical need but were deliberately indifferent to it."). In any event, his statements in the Exhibit make clear that none of the Defendants named in this case were the ones who allegedly refused to provide band-aids. *Compare* Doc. 2, at 1-2 *with* Ex. C to Doc. 2.

- Being denied an hour out one time, even if true, does not rise to the level of a constitutional violation actionable under § 1983. *See Monaco v. Helder*, No. 5:18-CV-05064, 2018 WL 3076774, at *3 (W.D. Ark. June 21, 2018) (collecting Eighth Circuit cases). The same goes for the denial of a shower, which Mr. Lynch mentions for the very first time in his Objections. *See Id.*

- The use of a racial slur, insults, or threats, without more, generally does not rise to the level of a constitutional violation. *See, e.g., Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992). Here, Mr. Lynch has not pled any facts to even hint that there might be something "more" that would remove this from the general rule.

- Claims related to kiosk access and the grievance process can't survive. It is well established that a failure to process a grievance, without more, is not actionable under § 1983. *See, e.g., Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

IT IS THEREFORE ORDERED that Mr. Lynch's claims are DISMISSED without prejudice for failure to state a claim upon which relief may be granted. This dismissal constitutes a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an *in forma pauperis* appeal of this Order or the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 28th day of April 2021.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE